**IN THE COURT OF APPEALS OF IOWA**

No. 21-1963
Filed April 27, 2022

**IN THE INTEREST OF P.H. and P.H.,**
**Minor Children**

**P.H., Father,**
　　　Appellant.

_____

　　　Appeal from the Iowa District Court for Polk County, Brent Pattison, District

Associate Judge.


　　　A father appeals the establishment of a guardianship for his children.

**AFFIRMED.**


　　　Nicholas Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant father.

　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

　　　ConGarry D. Williams of Des Moines Juvenile Public Defender, Des

Moines, attorney and guardian ad litem for minor children.


　　　Considered by May, P.J., and Schumacher and Badding, JJ.

**MAY, Presiding Judge.**

This is a child-in-need-of-assistance case involving two children. After a permanency hearing, the juvenile court found the children's parents had failed to progress toward reunification. So the court established a guardianship for the children with their maternal aunt, in whose care the children have thrived. On appeal, the father argues the juvenile court should have deferred permanency for six months instead of establishing a guardianship. We affirm.

We review the father's claim de novo while giving weight to the juvenile court's factual findings. *See In re A.A.G.*, 708 N.W.2d 85, 90 (Iowa Ct. App. 2005). Our ultimate guidepost remains the children's best interests. *See In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006).

Following a permanency hearing, the juvenile court may enter a permanency order "[t]ransfer[ing] guardianship and custody of [a] child to a suitable person." Iowa Code § 232.104(2)(d) (2021). Before doing so,

> convincing evidence must exist showing that all of the following apply:
> a. A termination of the parent-child relationship would not be in the best interest of the child.
> b. Services were offered to the child's family to correct the situation which led to the child's removal from the home.
> c. The child cannot be returned to the child's home.

*Id.* § 232.104(4).

Alternatively, Iowa Code section 232.104(2)(b) permits the court "to continue placement of the child for an additional six months at which time the court shall hold a hearing to consider modification of its permanency order." The father contends the juvenile court should have elected to go this route instead of establishing a guardianship. But to take this route, the juvenile court must

"enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

Here, the juvenile court could not identify changes that it anticipated would occur within the next six months that would eliminate the need for removal. That is because the father has not engaged in the services offered to him, which could assist the reunification process. For example, this case began when the father struck the mother in front of the children. Yet the father had not addressed his history of domestic violence. Indeed, he denies his past behavior is problematic. Given the father's consistent refusal to engage in services and steadfast refusal to reconcile with his history of domestic abuse, we do not think the need for removal would be abated within six months.

So we conclude the juvenile court properly denied the father's request for an additional six months to work toward reunification. We affirm.

**AFFIRMED.**